In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to a Permanent Easement for Sidewalk Purposes Required for the Widening of 1st Avenue from East 40th Street to East 41st Street, in the Borough of Manhattan. TUDOR CITY NINTH UNIT, INC., Respondent-Appellant.

*Per Curiam.* The City of New York and the claimant cross-appeal from an award on condemnation. An easement in the property owned by claimant, bordering First Avenue, was acquired by the city by condemnation in December, 1949. The damages awarded to the claimant for the taking amount to $138,500. Included therein is $57,500 for reconstruction costs which is not questioned by either party. The sum of $6,000 was awarded for improvements and $75,000 was awarded for damage to the land. The city claims that the $81,000 award is grossly excessive; it is the claimant's position that, as to $75,000 thereof, the award is inadequate. Both parties rest their contentions upon an allegedly erroneous basis of capitalization adopted by the court below. In addition, the claimant contends that the award does not embrace the consequential damage suffered by the remainder of the property by reason of the easement acquired.

The court found that the available store area before the taking was 6,067 square feet and that, after the taking, there remained 2,800 square feet, a loss of 3,267 square feet. The rental value of the store area before the taking was found to be $2 per square foot, or $6,534 for the area taken. This figure was capitalized at 8%. On the basis of the resulting figure the court awarded $75,000 as damage to the land.

In the light of the rental value of the store area as reflected in the actual rentals received by claimant before condemnation, the square foot value adopted by the court in its computation was more than favorable to the claimant. The resulting award, based thereon, was sufficient to fully and adequately compensate claimant for the consequential damages suffered by reason of the taking, as well as for the other damage sustained.

The final decree should, accordingly, be affirmed, without costs.

Peck, P. J., Dore, Cohn, and Van Voorhis, JJ., concur.

Decree unanimously affirmed, without costs.